OPINION
{¶ 1} Defendant-appellant Thomas S. Cottrell ("Cottrell") brings this appeal from the judgment of the Court of Common Pleas of Auglaize County sentencing him to four years in prison for violation of his post-release control.
{¶ 2} On November 9, 2001, Cottrell took a car belonging to another and eventually was pursued by police in a high-speed chase on interstate 75. At the time of the incident, Cottrell was on post-release control and had no valid operator's license. The Auglaize County Grand Jury indicted Cottrell on one count of fleeing and eluding, a third degree felony, to which Cottrell pled not guilty. On January 22, 2002, the State filed a bill of information including a charge of receiving stolen property prior to attending the hearing. Pursuant to a plea agreement, Cottrell then pled guilty to the charge of receiving stolen property, a fifth degree felony, and one count of attempted fleeing and eluding, a fourth degree felony. A pre-sentence investigation was ordered.
{¶ 3} On March 15, 2002, a sentencing hearing was held. At the conclusion of the hearing, the trial court sentenced Cottrell to seventeen months in prison on the charge of attempted fleeing and eluding and eleven months in prison on the charge of receiving stolen property. The sentences were ordered to be served consecutively for a total of twenty-eight months in prison. At the time of these offenses, Cottrell was serving a term of post-release control for a prior felony conviction in Mercer County. The Court of Common Pleas of Auglaize County, pursuant to R.C. 2967.28(F)(4), found that Cottrell had violated the terms of his post-release control sanctions and sentenced him to serve an additional four years in prison consecutive to the twenty-eight months to which Cottrell was just sentenced. This appeal is taken from that judgment.
{¶ 4} Cottrell raises one assignment of error. "The Auglaize County Common Pleas Court was without jurisdiction to sentence [Cottrell] to additional prison time under [R.C. 2967.28(F)(4)]." In support of this assignment of error, Cottrell claims that only the Court of Common Pleas of Mercer County has the jurisdiction to sentence him for a violation of post-release control on the earlier conviction because it was the court that imposed the post-release control sanctions.
{¶ 5} Post-release control is governed by R.C. 2967.28. This statute states in pertinent part as follows.
{¶ 6} "A releasee who has violated any post-release control sanction or the mandatory condition described in [R.C. 2967.131(A)] imposed upon the releasee by committing a felony may be prosecuted for the new felony, and, upon conviction, the court shall impose sentence for the new felony. In addition to the sentence imposed for the new felony, the court may impose a prison term for the violation, and the term imposed for the violation shall be reduced by the prison term that is administratively imposed by the parole board or adult parole authority as a post-release control sanction. The maximum prison term for the violation shall be either the maximum period of post-release control for the earlier felony under division (B) or (C) of this section minus any time the releasee has spent under post-release control for the earlier felony or twelve months, whichever is greater. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. A prison term imposed for the violation and a prison term imposed for the new felony, shall not count as, or be credited toward, the remaining period of post-release control imposed for the earlier felony." R.C. 2967.28(F)(4).
{¶ 7} This statute gave the trial court jurisdiction to impose a sentence for the violation of the post-release control conditions. The only restriction upon the trial court is that the maximum sentence must be reduced by the time Cottrell has spent on post-release control. The trial court did take this into consideration when it imposed a sentence of four years in prison, which is less than the time Cottrell had remaining on his post-release control. Thus, the assignment of error is overruled.
{¶ 8} The judgment of the Court of Common Pleas of Auglaize County is affirmed.
Judgment affirmed.
SHAW, P.J. and HADLEY, J., concur.